FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 19 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANK BRUNKHORST CO., LLC,

                            Plaintiff,

-against-

WILLIAM CASTELLINI,

                            Defendant.
------------------------------------------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION
17-CV-2324 (AMD) (ST)

**Ann M. Donnelly, United States District Judge:**

The plaintiff, Frank Brunkhorst Co., LLC, filed this complaint against the defendant, William Castellini, on April 18, 2017, and later amended it on May 5, 2017. (ECF Nos. 1, 7.) The defendant never answered or responded to the complaints, and the plaintiff moved for default judgment on August 22, 2017. (ECF No. 13.) On August 30, 2017, I referred the plaintiff's motion for default judgment to Magistrate Judge Steven L. Tiscione for a Report and Recommendation ("R&R"). (Minute Entry, August 30, 2018.)

On February 28, 2018, Judge Tiscione issued a thorough and well-reasoned R&R recommending that I deny the plaintiff's default judgment motion without prejudice, and order the plaintiff to refile its motion with adequate support within thirty days. (ECF No. 18.) The plaintiff now attacks Judge Tiscione's report as "clearly erroneous." For the reasons set forth below, I reject the plaintiff's arguments and adopt Judge Tiscione's comprehensive R&R in its entirety.

## BACKGROUND

The complaint, in essence, alleges that in March of 2006, the defendant induced the plaintiff to extend credit to Castelberry Provisions, LLC., a non-party in this action, by agreeing

1

to be personally liable for any and all debt that Castelberry owed the plaintiff. (*Id.*, at ¶ 8.) Although the plaintiff sent the defendant five invoices for goods sold and delivered to Castelberry, totaling $142,150.92, neither Castelberry nor the defendant paid the plaintiff. (*Id.* at ¶¶ 17, 20, 21.) The plaintiff subsequently commenced this action against the defendant. In May of 2017, the plaintiff also filed a collection action against Castelberry in the United States District Court for the Southern District of Ohio. (R&R, ECF No. 18, at 1; ECF No. 16, at ¶ 3.)

The plaintiff served the defendant at least twice in this case, but the defendant did not appear or respond. (*Id.* at 3.) As a result, the Clerk entered default on August 22, 2017. (ECF No. 12.) The plaintiff moved for default judgment against the defendant on August 29, 2017, but did not submit a memorandum of law with the motion; instead, the plaintiff included an affidavit—which reiterated the allegations in the complaint—and exhibits including the invoices that the plaintiff sent to the defendant. (ECF No. 13.) The plaintiff did not file a memorandum of law in support of its motion until Judge Tiscione directed it to do so, on February 12, 2018. (ECF No. 17; Minute Entry, January 31, 2018.) The plaintiff also submitted a second affidavit on February 12, 2018, stating among other things, that it had filed a collection action against Castelberry in the Southern District of Ohio in May of 2017 to recover what Castelberry and the defendant owed. (ECF No. 16, ¶ 3.)

Judge Tiscione issued an R&R recommending that I deny the plaintiff's default judgment motion without prejudice and that I order the plaintiff to refile its motion with adequate support within thirty days. (ECF No. 18.) In making this recommendation, Judge Tiscione explained that the plaintiff did not include adequate legal authority demonstrating its entitlement to the relief requested in its default judgment motion, and that the plaintiff did not clarify whether its collection action in the Southern District of Ohio could have a preclusive effect on any judgment

entered against the defendant in this case. (*Id.*) If the plaintiff did not refile its motion in a timely manner, Judge Tiscione recommended that I stay the case pending a dispositive or final resolution of the Ohio action. (*Id.*)

Judge Tiscione ordered the parties to file objections by March 14, 2018. (*Id.*) The plaintiff filed timely objections to the R&R. (ECF No. 20.) The plaintiff served the defendant with the R&R, but the defendant did not file any objections. (ECF No. 19.)

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the [R & R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96 Civ. 324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). "[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09 Civ. 4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02 Civ. 1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted). Moreover, "the district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at

*2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94 Civ. 2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

It is well-established that "defaults are generally disfavored and are reserved for rare occasions," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), and that parties are required to submit proper memoranda of law with their default motions, "establish[ing] that on the law it is entitled to the relief it seeks, given the facts as established by the default." *Finkel v. Triple A Grp. Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010) (citations omitted). *See also Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258 JS AKT, 2014 WL 4638844, at *7 (E.D.N.Y. Sept. 16, 2014) (on a default, "[e]ven if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims."). The plaintiff's motion for default judgment did not address the defendant's liability; there was no discussion of the elements of the claims asserted or the legal sufficiency of the alleged facts in the complaint. It was not Judge Tiscione's responsibility to make the plaintiff's arguments, especially since the plaintiff is represented by counsel. Judge Tiscione was absolutely correct to recommend that I deny the default judgment motion. *See, e.g., Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR)(PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017).[1]

Nor was Judge Tiscione wrong to recommend a stay if the plaintiff decides not to refile its motion for default judgment. Given the almost identical nature of this suit and the parallel Ohio action, there is a possibility that a judgment in the Ohio litigation would have a preclusive effect on a default judgment entered against the defendant in this case.[2] The plaintiff failed to

---

[1] I also reject the plaintiff's attempt to distinguish itself from the plaintiff in *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR)(PK), 2017 WL 1102772 (E.D.N.Y. Feb. 13, 2017). (*See* ECF No. 20, at 6.) The plaintiff has twice failed to file a proper motion for default judgment—thus, any delay in this case is of its own doing.

[2] The plaintiff argues that this question "was never raised [in the default judgment motion] given defendant's default" (ECF No. 20, at 7), but the plaintiff's counsel "raised" the issue by including it in its submission. (ECF No. 14, at ¶ 3.) Judge Tiscione recognized that the parallel case might have an impact on this case.

address this issue in its moving papers and Judge Tiscione properly requested additional briefing on this issue.³ Thus, I adopt the R&R in its entirety.

To be sure, the plaintiff now includes arguments about the legal sufficiency of its claims and the effects of the judgment in the parallel Ohio action. Those are some of the arguments that the plaintiff should have made to Judge Tiscione. Because the plaintiff did not, I do not consider them. "[A] district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Jo v. JPMC Specialty Mortg., LLC*, 131 F. Supp. 3d 53, 59 (W.D.N.Y. 2015); *Chalasani v. Daines*, No. 10-CV-1978 RRM RML, 2011 WL 4465408, at *1 (E.D.N.Y. Sept. 26, 2011). *See also Amadasu v. Ngati*, No. 05-CV-2585 RRM LB, 2012 WL 3930386, at *5-7 (E.D.N.Y. Sept. 9, 2012) (declining to consider new legal arguments raised by the plaintiff after the R&R because the plaintiff's conduct was "anathema to 'the purposes of the Magistrates Act' and 'systemic efficiencies would be frustrated.'").

## CONCLUSION

Accordingly, the plaintiff's motion for default judgment [13] is denied without prejudice to refiling. Within thirty days of this Order, the plaintiff must refile a motion for default judgment with adequate support and arguments. If the plaintiff timely refiles its default judgment motion, the motion will be referred again to Judge Tiscione for a Report and Recommendation. If the plaintiff fails to do so, I will stay this action pending a dispositive or final resolution of the Ohio federal action.

---

³ The plaintiff argues that Judge Tiscione "recommends staying the action pending a dispositive or final resolution of the Ohio action because [the] Plaintiff did not answer the question . . . of whether the [Ohio Action] could have a preclusive effect . . . ." (ECF No. 20, at 7.) The plaintiff misreads the R&R. Judge Tiscione recommended that I order a stay in this case if the plaintiff did not timely refile its motion for default judgment with adequate support and legal arguments within thirty days of my Order. (ECF No. 18, at 10.)

5

**SO ORDERED.**

                                                                  s/Ann M. Donnelly
                                                           Ann M. Donnelly
                                                           United States District Judge

Dated: Brooklyn, New York
       March 19, 2018